PER CURIAM:
*206 Claimant brought this action for vehicle damage which occurred when his 2007 Chrysler Aspen struck a hole on WV Route 85 in Uneeda, Boone County. West Virginia Route 85 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 p.m. April 6,2010. WV Route 85 is atwo-lane paved road with one lane oftraffic in each direction, and is marked with a yellow center lane line and white edge lines on the sides. The speed limit on WV Route 85 is 40 miles per hour. At the time of the incident, Claimant’s wife, Julie Runyon, was driving home with her children as passengers asleep in the back seat. Mrs. Runyon testified that she is familiar with this stretch of road and that there were defects in the pavement at the location of the incident. According to Mrs. Runyon, she was driving approximately 42 miles per hour when she encountered a large hole on the right side of her lane and an oncoming school bus followed by two other cars in the opposing lane. Mrs. Runyon stated that she attempted to tap on the brakes, nonetheless, Claimant’s vehicle struck the hole, approximately nine inches deep.
As a result of this incident, Claimant’s vehicle sustained damage to the front and rear passenger side rims and tire, requiring that they be replaced and a wheel alignment in the amount of $1,472.29. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, Claimant’s recovery is limited to that amount.
It is Claimant’s position that Respondent knew or should have known about condition on WV Route 85 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain WV Route 85 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on WV Route 85 at the time of the incident. Chet Burgess, Administrator for Respondent in Boone county, testified that he is familiar with WV Route 85 and acknowledged that it was in poor condition in early April because of the especially harsh winter. Mr. Runyon stated that on the date of the incident the only material available to patch asphalt was cold mix, which is only a temporary patch; the asphalt plant that produces hot mix did not open until April 15th. Mr. Runyon testified that Respondent attempted to patched WV Route 85 through the winter, but that without hot mix the condition could not be eliminated permanently.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the defects in the pavement on WV Route 85. Since a deep jagged hole in the travel portion of the lane created a hazard to the traveling public, the Court finds Respondent negligent. However, in a comparative negligence jurisdiction, such as West Virginia, the negligence of a Claimant may reduce or bar recovery of a claim. See Bradley v. Appalachian Power Company, 163 W.Va. 332, 256 S.E.2d 879 (1979). In accordance with the finding of fact and conclusions of law stated herein above, the Court has determined that Mrs. Runyon was 10% negligent for the incident that occurred. Since Respondent’s negligence was greater than the *207 negligence of Mrs. Runyon, Claimant may recover ninety per cent (90%) of his loss.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $450.00.
Award of $450.00.